IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DAVID WAYNE SMITH,<br><br>　　Plaintiff,<br><br><br><br>vs.<br><br><br><br>SCOTT CARVER, UDC et al.,<br><br>　　Defendants. | MEMORANDUM DECISION AND ORDER ON MOTIONS; ORDERING *MARTINEZ* REPORT; AND STAYING CASE PENDING *MARTINEZ* REPORT<br><br><br><br><br><br>Case No. 2:05-CV-68 TS |

　　Plaintiff, David Wayne Smith, an inmate at the Utah State Prison, filed this *pro se* civil rights suit under 42 U.S.C. § 1983.[1] Plaintiff's motion to proceed *in forma pauperis* under 28 U.S.C. § 1915 was granted.[2] This case is now before the Court on Plaintiff's motions for appointed counsel, motion for a temporary restraining order, and motion to compel discovery.

---

　　[1]*See* 42 U.S.C.A. § 1983 (West 2007).

　　[2]*See* 28 *id.* § 1915.

**ANALYSIS**

**I. Motion for Appointed Counsel**

Plaintiffs in civil cases do not have a constitutional right to counsel.[3] However, the court may, in its discretion, appoint counsel for indigent inmates under 28 U.S.C. § 1915(e)(1).[4] "The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."[5] When deciding whether to appoint counsel, the Court considers a variety of factors "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'"[6]

Plaintiff has not satisfied his burden of showing that appointed counsel is warranted in this case. First, there are no complex legal or procedural issues before the Court at this early stage of the litigation which require legal expertise. Second, Plaintiff is not incapacitated or otherwise unable to present his claims. And, finally, Plaintiff has not shown that his claims have sufficient merit to warrant appointed counsel. Thus, Plaintiff's motion for appointed counsel is denied.

**II. Motion for Temporary Restraining Order**

---

[3] See *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987).

[4] See 28 U.S.C.A. § 1915(e)(1) (West 2003); *Carper*, 54 F.3d at 617; *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

[5] *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

[6] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams*, 926 F.2d at 996); accord *McCarthy*, 753 F.2d at 838-39.

Plaintiff seeks a temporary restraining order prohibiting Defendants from changing Plaintiff's housing assignment without his consent or in retaliation for pursuing this lawsuit. Plaintiff asserts that he has serious safety concerns with inmates in other sections of the prison and that his life might be in danger if his current housing assignment is changed. Plaintiff also alleges that Defendant Gordon "has a well known tactic of retaliating against . . . inmates who have civil suits against him . . . [by] plac[ing] those inmates in housing sections with other inmates who pose a real and serious threat to the inmate in adversity to [Gordon]." Plaintiff has not provided any support for these allegations against Gordon, but he alleges that he can produce "witnesses and emperical [sic] evidence" if given the opportunity for a hearing on the matter.

To obtain a temporary restraining order or preliminary injunction in federal court, the movant has the burden of establishing that:

> (1) the party will suffer irreparable injury unless the injunction issues; (2) the threatened injury to the moving party outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood that the moving party will eventually prevail on the merits.[7]

Moreover, "the party seeking injunctive relief must show that the injury complained of is of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm."[8]

---

[7] *Resolution Trust Corp. v. Cruce*, 972 F.2d 1195, 1198 (10th Cir. 1992)

[8] *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003).

Plaintiff has not satisfied his burden of showing that injunctive relief is warranted here, nor does the Court believe that a hearing on the matter is necessary. Plaintiff has not alleged that his housing assignment has already been changed, or that his transfer to a more dangerous unit is imminent. Instead, Plaintiff admits that he "is not currently threatened by any inmates," and that his concerns about a retaliatory transfer are based entirely on unsubstantiated rumors. Given the speculative nature of the threat facing Plaintiff, and the well established law prohibiting retaliatory transfers, the Court can only conclude that the threat faced by Plaintiff is minimal.

On the other hand, the Court finds that the sought-after injunction would impose a substantial burden upon prison officials in carrying out the efficient management of the prison. As the Supreme Court has recognized, "[r]unning a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources,"[9] all of which would be substantially burdened by the injunction proposed by Plaintiff. Moreover, imposing such a burden on the prison administration would undoubtedly be adverse to the public interest.

Finally, given the early stage of this litigation and the lack of any evidentiary record, the Court cannot conclude that Plaintiff has a substantial likelihood of eventually prevailing on the merits. Thus, Plaintiff's motion for injunctive relief is denied.

### III. Motion to Compel Discovery

Plaintiff has filed a motion to compel discovery of certain documents from Defendants. Based on its review of the pleadings in this case the Court finds that a

---

[9] *Turner v. Safely*, 482 U.S. 78, 84-85 (1987).

*Martinez* report would best facilitate the efficient adjudication of this case.[10] In Gee v. Estes,[11] the Tenth Circuit explained the nature and function of a *Martinez* report, saying:

> Under the *Martinez* procedure, the district judge or a United States magistrate [judge] to whom the matter has been referred will direct prison officials to respond in writing to the various allegations, supporting their response by affidavits and copies of internal disciplinary rules and reports. The purpose of the *Martinez* report is to ascertain whether there is a factual as well as a legal basis for the prisoner's claims. This, of course, will allow the court to dig beneath the conclusional allegations. These reports have proved useful to determine whether the case is so devoid of merit as to warrant dismissal without trial.[12]

Thus, Plaintiff's motion to compel discovery is denied, and, Defendants are directed to prepare a *Martinez* report addressing Plaintiff's claims.

In preparing the report, authorization is granted to depose Plaintiff and interview all witnesses, including Defendants and other officers at the prison. The report shall contain the sworn statements of all persons having relevant knowledge of the subject matter of the complaint. Wherever appropriate, medical examinations shall be made and all relevant medical records shall be included in the written report. Where Plaintiff's claims or Defendants' defenses relate to or involve the application of administrative rules, regulations, or guidelines, copies of those documents shall also be included with the report.

If appropriate, any party may move for summary judgment based on evidence presented in the *Martinez* report, however, any such motion shall be filed separately and

---

[10] *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (approving district court's practice of ordering the prison administration to prepare a report to be included in the pleadings in cases where a prisoner has filed suit alleging a constitutional violation against institution officials).

[11] 829 F.2d 1005 (10th Cir. 1987).

[12] *Id.* at 1007.

shall be accompanied by a supporting memorandum.  Plaintiff is hereby notified that if Defendants move for summary judgment Plaintiff cannot rest upon the mere allegations in his complaint.  Instead, as required under [Federal Rule of Civil Procedure 56(e)](), to survive a motion for summary judgment Plaintiff must come forth with specific facts, admissible in evidence, showing that there is a genuine issue remaining for trial.

## ORDER

Based on the foregoing **IT IS HEREBY ORDERED** that:

(1) Plaintiff's Motions to Appointed Counsel (Docket Nos. 37 and 41) are DENIED;

(2) Plaintiff's Motion for a Temporary Restraining Order (Docket No. 42) is DENIED;

(3) Plaintiff's Motion to Compel Discovery (Docket No. 44) is DENIED;

(4) Defendants are directed to file a *Martinez* report addressing Plaintiff's claims within **sixty days** of this order.  Plaintiff may file a response to the *Martinez* report within **thirty days** after being served with the report; and,

(5) this case is stayed pending filing of the *Martinez* report.

DATED June 14, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge